NOT DESIGNATED FOR PUBLICATION

No. 120,473

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
SHANNON E. STEINBAUER,
*Appellee*,

and

ROBERT F. STEINBAUER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed November 1, 2019. Affirmed.

*Jennifer M. Hill*, of McDonald Tinker PA, of Wichita, for appellant.

*Igers Vangjeli*, of Cordell & Cordell, P.C., of Independence, Missouri, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

PER CURIAM: In this divorce action, Robert Steinbauer appeals the district court's order granting Shannon Steinbauer's divorce petition and dividing their marital property. At trial, Robert presented expert testimony about the value of Shannon's educational degrees earned during their marriage. The district court found the testimony and calculations were too speculative.

There is no Kansas authority to establish that courts must treat educational degrees as marital property subject to division in a divorce proceeding.

1

While the district court did not treat the educational degrees as marital property subject to division in a divorce, it did consider all of the required factors, including Shannon's earning capacity before dividing the marital property in a way that accounted for her substantially higher income and the large amount of student loan debt she would be responsible for paying.

The district court articulated several reasons to disregard the expert witness' testimony and Robert only challenges one of those reasons. Robert fails to provide any authority to show the district court's decision was unreasonable or that the court abused its discretion.

At trial, the main points of contention were the large amount of Shannon's student loan debt and her increase in earning capacity as a result of her educational degrees earned during the marriage. The expert testimony was not accepted by the court because it found the valuation of degrees earned by Shannon was too speculative and uncertain to be a scientifically reliable method for the court to value her income as an asset.

The massive student loan debt of approximately $255,057 was essentially on Shannon's shoulders and the district court allocated all of the debt to Shannon. The district court noted the student loan debt placed a load on Shannon which was its main reason for finding her larger income balanced out the debt.

Robert has cited no Kansas authority to overcome the court's ruling. Rulings from New York, Iowa, and Michigan did not carry the day. Some of them are based on statutes in those states.

K.S.A. 2018 Supp. 23-2802(c)(10) requires the division of property must be "just and reasonable" but need not be perfectly equal. The district court fully considered

2

Shannon's earning capacity when dividing the marital estate. The court's decision was based on a fairly equal division.

The district court noted there was a huge disparity between Robert's and Shannon's individual retirement accounts, and awarded the entirety of Robert's I.A.M. 401K to Shannon to balance the scales. The court noted it was very difficult to balance things and so it set out the assets in great detail. No evidence has been presented to show that the division was not reasonable based on the court's explanations. We agree with the district court's decision. It was within the district court's discretion.

Affirmed.